UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO PEREZ,

*Plaintiff*,

v.

PROGENICS PHARMACEUTICALS, INC.,

*Defendant.*

Case No. 10-cv-08278 (SC) (PED)

**DEFENDANT PROGENICS PHARMACEUTICALS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF JULIO PEREZ FROM: (I) TESTIFYING
IN NARRATIVE FORM; AND (II) USING THE COURT (OR
ANYONE OTHER THAN HIMSELF) TO QUESTION HIM AT TRIAL**

Blair C. Fensterstock
Thomas A. Brown II
**FENSTERSTOCK & PARTNERS LLP**
100 Broadway, 8th Floor
New York, New York 10005
(212) 785-4100

*Counsel for Defendant
Progenics Pharmaceuticals, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................................1

ARGUMENT..........................................................................................................................................2

    I.      THE COURT SHOULD PRECLUDE DR. PEREZ FROM TESTIFYING IN NARRATIVE FORM AND REQUIRE HIM TO TESTIFY IN THE TRADITIONAL QUESTION AND ANSWER FORMAT ....................................................................2

    II.     THE COURT SHOULD PRECLUDE DR. PEREZ FROM USING THE COURT (OR ANYONE OTHER THAN HIMSELF) FROM QUESTIONING HIM DURING HIS DIRECT EXAMINATION ..................................................................................4

CONCLUSION.......................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Faretta v. California,*
    422 U.S. 806 (1975) ............................................................................................................. 3

*Hutter Northern Trust v. Door County Chamber of Commerce,*
    467 F.2d 1075 (7th Cir. 1972) ............................................................................................. 4

*United States v. Beckton,*
    740 F.3d 303 (4th Cir. 2014) ............................................................................................ 2, 3

*United States v. Mazza,*
    792 F.2d 1210 (1st Cir.1986) ............................................................................................... 4

*United States v. Nivica,*
    887 F.2d 1110 (1st Cir. 1989) ........................................................................................... 3, 4

*United States v. Young,*
    745 F.2d 733 (2d Cir. 1984) ................................................................................................. 3

**Authorities**

Federal Rule of Evidence 611 ................................................................................................ 1, 3, 4, 5

Defendant Progenics Pharmaceuticals, Inc. ("Progenics") respectfully submits this Memorandum of Law in Support of its Motion *In Limine* for an order precluding Plaintiff Julio Perez ("Dr. Perez") from: (i) testifying in narrative form; and (ii) using the Court (or anyone other than himself) to question him at trial.

## PRELIMINARY STATEMENT

Progenics expects that because Dr. Perez has chosen to proceed *pro se* at trial, Dr. Perez will ask the Court for leave to testify in narrative form during his direct examination. The Court should deny any such request, and require Dr. Perez to use the traditional question and answer method. Indeed, only the question and answer method, as opposed to the narrative method, will allow for Progenic's counsel to make objections to Dr. Perez's questions before he answers them, thereby ensuring that the jury does not hear inadmissible testimony from Dr. Perez. Moreover, the narrative method, unlike the question and answer method, blurs the distinction between "plaintiff" and "plaintiff *pro se*," and is therefore likely to confuse the jury. For these reasons, appellate courts have routinely affirmed a trial court's decision to require the question and answer format for *pro se* litigants. The Court should apply this case law here.

In addition, Progenics expects that if the Court requires Dr. Perez to testify in question and answer format, Dr. Perez will request that the Court question him. Were the Court to do so, it is likely that the process will confuse the jury and mislead the jury as to the Court's neutrality. This would divert the jury from its legal duty to determine the true facts in this case. The process would thus be inconsistent with Federal Rule of Evidence ("Rule") 611(a), which instructs the Court to, among other things, used the method for examination of witnesses that is most "effective for determining the truth." Rule 611(a). These same concerns would lie if *anyone*, apart from Dr. Perez himself, questions Dr. Perez.

For all of these reasons, the Court should issue an order: (i) precluding Dr. Perez from testifying in narrative form; and (ii) using the Court (or anyone other than himself) to question him during his direct examination.

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE DR. PEREZ FROM TESTIFYING IN NARRATIVE FORM AND REQUIRE HIM TO TESTIFY IN THE TRADITIONAL QUESTION AND ANSWER FORMAT

The traditional format for the testimony of any witness, including Dr. Perez, is that the witness be asked specific questions and give specific answers, rather than the witness merely giving a narrative. The principal advantage of the question and answer format is that it allows opposing counsel to voice an objection to a question before an answer is given, thereby ensuring that the jury does not waste time hearing irrelevant or otherwise inadmissible testimony. Moreover, only the question and answer format maintains the distinction between Dr. Perez's role as testifying plaintiff and *pro se* plaintiff. Indeed, throughout the trial Dr. Perez, acting as both witness and counsel to himself, will be engaged in behavior which may confuse the jury as to the distinction between his role as a plaintiff and as attorney. The narrative format blurs this line; the question and answer format does not.

In addition, appellate jurisprudence on the subject supports the conclusion that requiring Dr. Perez to testify in the question and answer format, as opposed to the narrative format, is appropriate here.

For instance, in *United States v. Beckton*, the Fourth Circuit held that the trial court did not abuse its discretion when it required the criminal *pro se* defendant to testify in question and answer format as opposed to narrative format. *United States v. Beckton*, 740 F.3d 303 (4th Cir. 2014). In *Beckton*, the Fourth Circuit explained:

> In this case, the district court's *refusal to allow [the pro se defendant] to testify in narrative form* was not 'arbitrary or disproportionate' to its purpose. . . . the court simply required [the *pro se* defendant], like all other witnesses, to testify in this manner to assure opposing counsel the opportunity *to lodge any objection prior to [the pro se defendant's] answer. We find this rationale eminently reasonable, particularly given the [pro se defendant's] repeated attempts during the trial to present inadmissible evidence to the jury*. Indeed, the Federal Rules of Evidence direct trial courts to 'exercise reasonable control over the mode of . . . examining witnesses and presenting evidence so as to make those procedures effective for *determining the truth*.' Fed. R. Evid. 611(a). This duty is no different for *pro se* litigants. Rather, like all other litigants, they must comply with substantive and procedural courtroom rules.

*Beckton*, 740 F.3d at 306 (emphasis added) (citing *Faretta v. California*, 422 U.S. 806, 834 n. 46) (emphasis added).

Thus, in *Beckton*, the Fourth Circuit determined that requiring the *pro se* defendant to testify in question and answer format addressed the trial court's concern that plaintiff have an opportunity to "lodge any objection" before the *pro se* defendant's answers, so that the jury would not hear inadmissible evidence. *Id*. The Fourth Circuit reasoned that given these concerns, the "district court was well within the proper exercise of its discretion." *Id*. (citing, among other cases, *United States v. Young*, 745 F.2d 733, 761 (2d Cir. 1984) (quotations omitted). As discussed *supra*, at pages 1 – 2, the same concerns in *Beckton* are present here, and the same outcome and reasoning in *Beckton* should thus apply here.

Just as in *Beckton*, in *United States v. Nivica*, the First Circuit held that the trial court did not abuse its discretion when it required the criminal *pro se* defendant to testify in question and answer format. *United States v. Nivica*, 887 F.2d 1110 (1st Cir. 1989). In *Nivica*, the First Circuit explained that even a *pro se* criminal defendant "must take the stand and give the court a chance to perform the required balancing in the concrete context of actual *question and answer*."

*Id.*, 887 F.2d at 116 (quoting *United States v. Mazza,* 792 F.2d 1210, 1223 (1st Cir.1986), *cert. denied,* 479 U.S. 1086 (1987)).  In *Nivica*, the First Circuit further explained that there is "nothing so intrinsically ineffectual about the [question and answer] technique favored by the district court as should bar it from the array of choices available to a trial judge."  *Nivica*, 887 F.2d at 1122.  The First Circuit reasoned that although not "ideal," requiring the *pro se* defendant to ask himself questions enabled the *pro se* defendant to "tell his side of the story, that is, to testify in his own defense."  *Id.*

In *Hutter Northern Trust v. Door County Chamber of Commerce*, a civil case, the *pro se* plaintiff requested that he be permitted to testify in narrative form.  *Hutter Northern Trust v. Door County Chamber of Commerce*, 467 F.2d 1075, 1076 (7th Cir. 1972).  The Seventh Circuit held that the trial court's denial of the *pro se* plaintiff's request was "well within the proper exercise of the judge's discretion."

In view of the above-discussed case law, and Progenic's concerns as to having an opportunity to object to any inadmissible testimony and evidence; preventing the jury from hearing inadmissible evidence; and avoiding jury confusion, the Court should require that Dr. Perez's direct examination be conducted in the traditional question and answer format.

## II.   THE COURT SHOULD PRECLUDE DR. PEREZ FROM USING THE COURT (OR ANYONE OTHER THAN HIMSELF) FROM QUESTIONING HIM DURING HIS DIRECT EXAMINATION

Rule 611(a) provides: "[t]he court should exercise reasonable control over the mode and order of examining witness and presenting evidence so as to: (1) make those procedures effective for *determining the truth*; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."  Fed. R. Evid. 611(a) (emphasis added).  Requiring Dr. Perez to question

4

himself during his direct examination is the most effective method for "determining the truth" and avoiding "wasting time," and would thus be the method most consistent with Rule 611(a).

Indeed, were the Court to question Dr. Perez, there can be little doubt that the jurors would improperly focus on the Court's role as examiner and give undue weight to it. Indeed, the process would certainly confuse the jury, and divert its attention away from Dr. Perez's testimony. Moreover, there would be a great risk that the process would mislead the jury as to the Court's neutrality, and that the jury would come to improperly believe that the Court is questioning Dr. Perez because it wants to help him win the case. If a third party (as opposed to the Court) were to question Dr. Perez, it is also likely that the jury would become confused as to that third party's newfound presence and role. All of this would distract the jurors from what should be their singular focus; *i.e.*, determining the true facts in this case.

The Court should thus require Dr. Perez to question himself during his direct examination, consistent with Rule 611(a).

## CONCLUSION

For the foregoing reasons, the Court should issue an order precluding Plaintiff Julio Perez from: (i) testifying in narrative form; and (ii) using the Court (or anyone other than himself) to question him at trial.

Dated: New York, New York
       September 24, 2014

                                              Respectfully Submitted,

                                              FENSTERSTOCK & PARTNERS LLP

By: _____
                                              Blair C. Fensterstock
                                              Thomas A. Brown II
                                              100 Broadway, 8th Floor
                                              New York, New York 10005
                                              (212) 785-4100

                                              *Attorneys for Defendant*
                                              *Progenics Pharmaceuticals, Inc.*