UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO PEREZ,

*Plaintiff*,

v.

PROGENICS PHARMACEUTICALS, INC.,

*Defendant.*

Case No. 10-cv-08278 (SC) (PED)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PROGENICS PHARMACEUTICALS, INC.'S MOTION *IN LIMINE* TO PRECLUDE DR. PEREZ FROM INTRODUCING EVIDENCE ON, OR REFERRING TO, DR. PEREZ'S ALLEGED DAMAGES FOR "LOSS OF REPUTATION" AND "EMOTIONAL DISTRESS, DEPRESSION AND PYSCHOLOGIC INJURIES"**

Blair C. Fensterstock
Thomas A. Brown
**FENSTERSTOCK & PARTNERS LLP**
100 Broadway, 8th Floor
New York, New York 10005
(212) 785-4100

*Counsel for Defendant
Progenics Pharmaceuticals, Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ........................................................................................................................................ 2

    I.    DAMAGES FOR "LOSS OF REPUTATION" AND "EMOTIONAL DISTRESS, DEPRESSION AND PSYCHOLOGIC INJURIES" ARE NOT AVAILABLE UNDER SECTION 806 ........................................................................................................ 2

    II.    ANY EVIDENCE OF DAMAGES FOR "LOSS OF REPUTATION" AND "EMOTIONAL DISTRESS, DEPRESSION AND PSYCHOLOGIC INJURIES" IS IRRELEVANT UNDER FEDERAL RULE OF EVIDENCE 401 ................................ 5

CONCLUSION .................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Hanna v. WCI Communications, Inc.,*
    348 F.Supp.2d 1332 (S.D. Fla. 2004) ..................................................................................4

*Hemphill v. Celanese Corp.,*
    2009 WL 2949759 (N.D. Tex. Sept. 14, 2009)......................................................................3

*Jones v. Home Federal Bank,*
    2010 WL 255856 (D. Idaho Jan. 14, 2010) ..........................................................................3

*Leon v. IDX Sytems Corp.,*
    464 F.3d 951 (9th Cir. 2006) ..................................................................................................2

*Mahoney v. Keyspan Corp.,*
    2007 WL 805813 (E.D.N.Y. March 12, 2007) ..................................................................4, 5

*Murray v. TXU Corp.,*
    2005 WL 1356444 (N.D. Tex. June 7, 2005) .....................................................................3, 4

*Sanders v. Madison Square Garden, L.P.,*
    2007 WL 2254698 (S.D.N.Y. Aug. 6, 2007).......................................................................4, 5

*United States v. Burke,*
    504 U.S. 229 (1992)................................................................................................................4

*Walton v. Nova Information Systems,*
    514 F.Supp.2d 1031 (E.D. Tenn. 2007) ..............................................................................3, 4

*Williams v. Pharmacia, Inc.,*
    137 F.3d 944 (7th Cir. 1998) ..................................................................................................5

**Authorities**

Federal Rule of Evidence 401 ......................................................................................................5, 6

Sarbanes-Oxley Act, Section 806
    18 U.S.C. § 1514A.....................................................................................................*in passim*

Defendant Progenics Pharmaceuticals, Inc. ("Progenics") respectfully submits this Memorandum of Law in Support of its Motion *In Limine* for an order precluding Plaintiff Julio Perez ("Dr. Perez") from introducing evidence on, or referring to, Dr. Perez's claimed damages for "loss of reputation," and "emotional distress, depression and psychologic injuries."

## PRELIMINARY STATEMENT

Dr. Perez's Amended Complaint consists of a claim for retaliation against Progenics under Section 806 of the Sarbanes-Oxley Act ("Sarbanes-Oxley), 18 U.S.C. § 1514A ("Section 806"). Dr. Perez alleged in his Amended Complaint that as a result of the alleged Section 806 violation, Dr. Perez "was caused and continues to suffer" damages for, among other things, "loss of reputation," and "emotional distress, depression and psychologic injuries." Amended Complaint, ¶¶ 73, 77.

In a classic example of shotgun pleading, Dr. Perez's complaint overlooked that even if he were to prevail on his Section 806 claim, he is not entitled to any of these categories of damages. Section 806 identifies a list of remedies available to a plaintiff under that section, and none of the claimed damages at issue are on that list. Moreover, the majority of courts that have addressed the issue have held that a Section 806 plaintiff is not entitled to these claimed damages.

The Court should hold consistently with that majority, and issue an order precluding Plaintiff from introducing evidence on, or referring to, Dr. Perez's claimed damages for "loss of reputation," and "emotional distress, depression and psychologic injuries."

**ARGUMENT**

I.     DAMAGES FOR "LOSS OF REPUTATION" AND "EMOTIONAL DISTRESS, DEPRESSION AND PSYCHOLOGIC INJURIES" ARE NOT AVAILABLE UNDER SECTION 806

The "Remedies" provision of Section 806 provides a list of damages available to a Section 806 plaintiff:

> (c) Remedies
> 1) In general. – An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.
> (2) Compensatory damages. – Relief for any action under paragraph (1) shall include –
> (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
> (B) the amount of back pay, with interest; and
> (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.

18 U.S.C. § 1514A(c). Damages for "loss of reputation," and "emotional distress, depression and psychologic injuries" are not included on this list.

Moreover, the majority of courts examining the issue of whether the claimed damages at issue are available under the above-quoted "Remedies" provision of Section 806 have held that they are not.

Most notably, in *Leon v. IDX Sytems Corp.*, the Ninth Circuit Court of Appeals ruled that a plaintiff is limited to the specific enumerated relief included in Section 806. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 952 (9th Cir. 2006). Specifically, in *Leon*, the Ninth Circuit ruled, "the remedies available under SOX include *only* individual compensatory remedies, including reinstatement, back pay, litigation costs, expert witness fees, and reasonable attorneys' fees. Injunctive and other broad remedial relief is not available under the statute." *Leon*, 464 F.3d at 952 (citations omitted) (emphasis in original).

The majority of other courts that have addressed the subject have issued decisions consistent with the Ninth Circuit's ruling in *Leon*. *See, e.g., Jones v. Home Federal Bank*, No. CV 09-336-CWD, 2010 WL 255856, at *6 (D. Idaho Jan. 14, 2010) ("the majority of courts that have addressed this issue have held that, because reputational damages are not specifically enumerated in [Section 806] and such damages are non-pecuniary, reputational damages are akin to damages for emotional distress and are not recoverable under [Section 806]") (citations omitted); *Hemphill v. Celanese Corp*., No. 3-08-CV-2131-B, 2009 WL 2949759, at *5  (N.D. Tex. Sept. 14, 2009) (dismissing plaintiff's claims for "mental anguish damages, future earnings and benefits, and exemplary and punitive damages" because they are not available under Section 806 and thus have "no possible relation to the controversy"); *Walton v. Nova Information Systems*, 514 F.Supp.2d 1031, 1035 (E.D. Tenn. 2007) ("Notably, the provision of [Section 806] makes no mention of any type of damages considered non-pecuniary, damages such as  injury to reputation, mental and physical distress or punitive damages"); *Murray v. TXU Corp.,* No. 3:03-CV-0888-P, 2005 WL 1356444, at *3 (N.D. Tex. June 7, 2005) (claims for reputational damage not permitted under Section 806 because "[Section 806] provides that compensatory damages shall include reinstatement, back pay, litigation costs, expert witness and attorney fees . . . [but] no mention is made of any type of damage that might be considered non-pecuniary").

In addition, courts have frequently held that the remedies available under Section 806 are analogous to the remedies available under Title VII prior to its amendment in 1991.  For example, in *Murray*, the Court explained:

> Indeed, the Court finds remedies under the Sarbanes-Oxley Act analogous to remedies under Title VII prior to its 1991 amendment.  At the time, Title VII provided: "The court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of

3

>employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

*Murray*, 2005 WL 135644, at *2 (quoting 42 U.S.C. § 2000e-5(g) (1991)); *accord Walton*, 514 F.Supp.2d at 1033 (same).

In *Murray*, the Court went on to explain that the Supreme Court, in *United States v. Burke*, interpreted Title VII (i.e., the version of Title VII prior to its 1991 amendment) to *exclude* remedies for "harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages." *Murray,* 2005 WL 135644, at *2 (quoting *United States v. Burke*, 504 U.S. 229, 239 (1992)).

Although Congress amended Title VII in 1991 to make damages for pain and suffering available to Title VII plaintiffs, Congress did *not* amend Section 806 to provide for the availability of such damages. Given the analogy that courts frequently make between Section 806 and the pre-1991 version of Title VII, this can only evidence a congressional intent *not* to make the claimed damages at issue available to a Section 806 plaintiff.

A lesser number of cases have allowed plaintiffs to proceed with non-pecuniary claims for reputational injury in Section 806 retaliation cases. For instance, in *Mahoney v. Keyspan Corp.*, the Court held that "Section 1514A(c)(2)(C) comprises an illustrative list of the types of special damages that may be recovered rather than an exhaustive list." *Mahoney v. Keyspan Corp.,* No. 04-CV-554SJ, 2007 WL 805813 (E.D.N.Y. March 12, 2007) (citing *Hanna v. WCI Communications, Inc*., 348 F.Supp.2d 1332, 1333 (S.D. Fla. 2004)). In *Sanders v. Madison Square Garden, L.P*. (which did not involve a Section 806 plaintiff), while citing *Mahoney*, the Court held (in a footnote) that "a plaintiff may be entitled to reputational damages when such damages are considered as a factor within an award for loss of future earning capacity . . . ."). *Sanders v. Madison Square Garden, L.P*, No. 06 Civ. 589(GEL), 2007 WL 2254698, at *28 n.9

4

(S.D.N.Y. Aug. 6, 2007), *opinion withdrawn in part on reconsideration*, 525 F.Supp.2d 364 (S.D.N.Y. Sept. 5, 2007).

The Court should not apply *Mahoney* and *Sanders* here. In both of those cases, the Court relied on *Williams v. Pharmacia, Inc.*, which held that a Title VII plaintiff (as opposed to a Section 806 plaintiff) could not be "made whole" without recovery for future lost earnings. *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998). *Williams*, however, is a 1998 decision, and it interprets the version of Title VII changed in 1991 as opposed to *the pre-amendment* version that courts have found to be analogous to Section 806. Thus, *Williams,* and by extension, *Mahoney* and *Sanders*, are inapposite here.

Therefore, the Court should not follow *Mahoney* and *Sanders*, but it should hold that Dr. Perez's Section 806 claim does not entitle Dr. Perez to damages for "loss of reputation" and "emotional distress, depression and psychologic injuries." As discussed above, this outcome would be consistent not only with the Ninth Circuit, but also with the majority of courts that have ruled on the issue.

**II.     ANY EVIDENCE OF DAMAGES FOR "LOSS OF REPUTATION" AND "EMOTIONAL DISTRESS, DEPRESSION AND PSYCHOLOGIC INJURIES" IS IRRELEVANT UNDER FEDERAL RULE OF EVIDENCE 401**

Federal Rule of Evidence ("Rule") 401 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

For the reasons stated *supra*, at Section I, the Court should determine that any evidence on Dr. Perez's claims for damages for "loss of reputation," and "emotional distress, depression

5

and psychologic injuries" is not relevant under Rule 401 because such damages are unavailable to a Section 806 plaintiff.[1]  Amended Complaint ¶¶ 73, 77.

---

[1] Even if the Court were to allow Dr. Perez to introduce evidence of his claimed damages for "loss of reputation" and "emotional distress, depression and psychologic injuries" (and it should not), it is inconceivable as to how the purported damages could have any foundation in the absence of expert testimony.

6

## CONCLUSION

For the foregoing reasons, the Court should issue an order precluding Dr. Perez from introducing evidence on, or referring to, Dr. Perez's claimed damages for "loss of reputation" and "emotional distress, depression and psychologic injuries."

Dated: New York, New York
September 24, 2014

                                          Respectfully Submitted,

                                          FENSTERSTOCK & PARTNERS LLP

By: _____
                                          Blair C. Fensterstock
                                          Thomas A. Brown II
                                          100 Broadway, 8th Floor
                                          New York, New York 10005
                                          (212) 785-4100

                                          *Attorneys for Defendant*
                                          *Progenics Pharmaceuticals, Inc.*